IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Juanita Robinson et al.,**

      **Plaintiffs,**

v.                                    Case No. 04-2321-JWL

**Food Service of Belton, Inc.**
**d/b/a Kentucky Fried Chicken;**
**Elaine Willard; John Cook,**

      **Defendants.**

## MEMORANDUM & ORDER

Plaintiff Juanita Robinson and eleven other individuals brought this suit on behalf of themselves and others similarly situated seeking damages for unpaid overtime compensation and unpaid minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA). Defendants have asserted a counterclaim for indemnity against plaintiffs Juanita Robinson and Terri Schendel alleging that, as managers of defendants' Kentucky Fried Chicken restaurant, Ms. Robinson and Ms. Schendel were responsible for any alleged FLSA violations. This matter is presently before the court on plaintiffs' motion to dismiss the counterclaim for failure to state a claim upon which relief may be granted (doc. 43). As plaintiffs highlight in the motion, defendants' counterclaim is not permitted under Tenth Circuit precedent. Plaintiffs' motion, then, is granted.

In *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405 (10th Cir. 1992), the Secretary of Labor, on behalf of four employees, filed suit against the defendants alleging violations of the FLSA. *Id*. at 1406. The defendants, in turn, filed a third-party complaint for indemnity against two

of the employees named in the Secretary's complaint.  *Id.*   The district court dismissed the third-party complaint on the ground that the indemnity action was preempted by the Supremacy Clause. *Id.*  On appeal, the Tenth Circuit agreed that state indemnity actions against supervisory personnel by employers who have been sued for FLSA violations are preempted by the Supremacy Clause. *Id*. at 1407.  As the Circuit explained:

> Indemnity actions against employees work against the purposes of the FLSA. Congress sought to foster a climate in which compliance with the substantive provisions of [the FLSA] would be enhanced.  Compliance with the FLSA will not be furthered if employees must defend against indemnity actions.  Such actions are not part of the comprehensive statutory scheme set forth by Congress.  The conflict between the purposes of federal law and a state cause of action require the latter to yield.  We therefore hold that a third party complaint by an employee seeking indemnity from an employee is preempted.

*Id*. at 1407-08 (quotations and citations omitted) (alterations in original).

Defendants concede that the *Gingerbread House* decision precludes their indemnity claims, but nonetheless "urge the court to consider the practical effect of following this precedent" and to permit defendants to proceed with their counterclaim.  The court declines defendants' invitation to consider the effects of *Gingerbread House* as it is bound to follow that decision in any event.  *See United States v. Spedalieri*, 910 F.2d 707, 709 & n.2 (10th Cir. 1990). Defendants' counterclaim, then, must be dismissed.

Plaintiffs have also filed a motion for an extension of the discovery deadline (and more specifically, an extension of time for the filing of certain discovery responses and the production of certain plaintiffs for their depositions, all of which was to occur on March 25, 2005) in light of the potential conflict of interest issue raised by defendants' counterclaim.  In other words,

plaintiffs, properly concerned about a potential conflict if the court permitted the counterclaim to stand, sought to delay certain discovery pending the court's resolution of the motion to dismiss the counterclaim. The motion is unopposed and the court grants the motion. Plaintiffs shall file their discovery responses within 10 days of the date of this order and the parties shall work together to reschedule the depositions that were scheduled for March 25, 2005 for a date as soon as practicable. The parties should contact Judge Sebelius for any required assistance in scheduling these depositions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to dismiss defendants' counterclaim (doc. 43) is granted and defendants' counterclaim is dismissed with prejudice. Plaintiffs' motion for an extension of the discovery deadline (doc. 40) is granted.

**IT IS SO ORDERED.**

Dated this 19th day of April, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge

3